08-5939-ag
Thein v. Holder

BIA
Ferris, IJ
A098 975 489

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:
>    REENA RAGGI,
>    DEBRA ANN LIVINGSTON,
>    GERARD E. LYNCH,
>         *Circuit Judges.*

_____

KYAW MYO THEIN,
>    *Petitioner*,

v.                                          08-5939-ag

                                            NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
>    *Respondents*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**       Patrick Wang, New York, New York.

**FOR RESPONDENTS:**      Michael F. Hertz, Acting Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Tiffany Walters Kleinert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DISMISSED in part.

Petitioner Kyaw Myo Thein, a native and citizen of Burma,[2] seeks review of the November 7, 2008 order of the BIA, affirming the February 21, 2007 decision of Immigration Judge ("IJ") Noel Ferris, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kyaw Myo Thein*, No. A098 975 489 (B.I.A.

---

[2] In 1989, the military regime in control of Burma declared that the country would henceforth be known as "Myanmar." However, both Thein and the agency refer to the country as "Burma," and, according to the CIA's World Factbook, the name "Myanmar" "was not approved by any sitting legislature in Burma, and the U.S. Government did not adopt the name." CIA, The World Factbook – Burma, https://www.cia.gov/library/publications/the-world-factbook/geos/bm.html. Accordingly, we refer to Thein's native country as "Burma."

Nov. 7, 2008), *aff'g* A098 975 489 (Immig. Ct. N.Y. City Feb. 21, 2007).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA.  *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review the agency's factual findings under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).  Questions of law and the application of law to undisputed fact are reviewed *de novo*.  *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Asylum: One-Year Bar to Jurisdiction**

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or the Attorney General's finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).  Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and questions

3

of law.  *See* 8 U.S.C. § 1252(a)(2)(D).

Here, Thein argues that he filed his asylum application within a reasonable period after his changed circumstances. Because that argument essentially challenges the agency's exercise of discretion, it presents neither a constitutional claim nor a question of law.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006). Accordingly, we dismiss the petition for review to the extent Thein challenges the pretermission of his untimely asylum application.  *See* 8 U.S.C. § 1158(a)(3).

**II. Withholding of Removal**

In its decision, the BIA concluded that the IJ had not made an explicit credibility determination and stated that it would "presume that [Thein] is credible."  Despite that statement, however, the BIA plainly disbelieved aspects of Thein's claim.  For example, as the IJ had done, the BIA called into question Thein's claim that he feared future persecution on account of his recent dissemination of anti-government materials because he omitted that claim from his written application.  Citing two of this Court's decisions concerning adverse credibility determinations, the BIA called the omission "significant."  Similarly, the BIA

4

devoted a paragraph of its decision to the IJ's findings concerning the absence of corroborating evidence -- specifically, the absence of a letter from Thein's wife. Yet this portion of the IJ's decision also concerned Thein's credibility. Moreover, the BIA stated that Thein had "admitted to leaving [Burma] because he could make more money working in the U.S." Again, a finding that Thein came to the United States to make money as opposed to fleeing persecution calls into question the subjective nature of Thein's claim —- whether he actually fears persecution as opposed to whether his fear is objectively reasonable even if subjectively held. Viewing the BIA's decision as a whole, it appears to have purported to assume Thein's credibility on one hand, while calling his credibility into question on the other. While the record may reveal reasons to question Thein's credibility, having found that the IJ did not make a sufficiently explicit adverse credibility determination, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), the BIA was not free to make its own. *See Fen Yong Chen v. BCIS*, 470 F.3d 509, 514-15 (2d Cir. 2006).

The inconsistency between the BIA's statement that it would presume the credibility of Thein's testimony and its

actual analysis of the record is apparent throughout the agency's assessment whether Thein satisfied his burden of proof. The BIA relied in part, for example, on the conclusion that Thein's family remained unharmed in Burma in determining that he had not made out a withholding claim. Thein testified, however, that he had disseminated anti-government materials in Burma. If this testimony is presumed to be credible, a burden of proof analysis relying on the fact that his family members had not been harmed would require some assessment whether Thein's family members are similarly situated to him in this regard. *See Tian-Yong Chen v. U.S. INS*, 359 F.3d 121, 127-28 (2d Cir. 2004); *Matter of A-E-M-*, 21 I. & N. Dec. 1157, 1170-71 (BIA 1998). The BIA failed to perform such an assessment or to acknowledge Thein's testimony that his wife had informed him that the authorities had twice searched her home, telling her that he was wanted for distributing subversive literature and stating that if he returned, he would be arrested.

As we have stated, our "review is frustrated when it is unclear whether the agency has made an adverse credibility determination." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.

6

2008).  Here, because the BIA's decision is sufficiently ambiguous on this point as to frustrate meaningful review, remand is required on this basis alone.  We thus need not consider Thein's argument that the IJ's conduct affected the outcome of his hearing.  Further, because Thein does not challenge the denial of his application for relief under the CAT in his brief, the CAT claim is waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED in part and DISMISSED in part.  The case is REMANDED for further proceedings consistent with this order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk